UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:17-00161 |
| | ) | JUDGE RICHARDSON |
| CECIL CLINT WOODARD | ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S POSITION WITH RESPECT TO PRESENTENCE INVESTIGATIVE REPORT

The defendant Cecil Clint Woodard has lodged objections to the facts and a guideline enhancement included in the Presentence Investigative Report (PSR). Docket Entry 42. The United States believes the facts and enhancement are supported by the evidence, as explained below.

The defendant first objects to the references within the PSR to the defendant's vaginal and anal penetration of the very young child who he sexually abused on numerous occasions. While federal statutory law does not define "sexual penetration," under Tennessee state law, it is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, *however slight*, of any part of a person's body." Tenn.Code.Ann. § 39-13-501(7) (emphasis added). The defendant's recordings clearly show that the defendant raped the child by penetrating her mouth and vagina with his penis and penetrating her anus with his finger. It is true that there is not a close up shot of the defendant penetrating the child's vagina deeply, but the size of his penis as compared to her bottom and genital area clearly show that any amount of deep penetration would have caused serious bodily injury, which likely would have interrupted his opportunities to sexually abuse her again. Given the size difference between the defendant and this very small child, it is quite likely that his rape of her was painful. A three-year-old child, however, is unable to articulate that kind of experience, so we will never know how she physically experienced the rapes. Because of the

1

factual dispute about penetration, the United States will be introducing, at sentencing, the images and videos recorded by the defendant of his rape and sexual abuse of this small child.

The defendant next argues that U.S.S.G. § 2G2.1(b)(4) should not apply in this case because the child sex abuse material does not depict an infant or toddler. A defendant's offense level is increased by four levels "[i]f the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence; or (B) an infant or toddler." U.S.S.G. § 2G2.1(b)(4)(B). The facts in this case clearly support the application of this enhancement under either subsection.

First, the produced material clearly portrays sadistic conduct, based on the defendant's penetration of the child on multiple different occasions. The Sixth Circuit routinely has found that "penetration of a prepubescent child by an adult male constitutes inherently sadistic conduct." *United States v. Groenendal*, 557 F.3d 419, 425-26 (6th Cir. 2009). Additionally, six of the images depict the three-year-old child's hands in handcuffs behind her back. While it may appear from our view of the images that she could remove those handcuffs, a child of that age is unlikely have the cognitive ability to figure out that she could remove the cuffs by pushing her hands toward each other to slip out of the cuffs, particularly since she was unable to see them behind her back. Regardless, the images were clearly meant to portray a child in bondage. While the guidelines do not define the phrase "sadistic or masochistic conduct or other depictions of violence," the Sixth Circuit has noted that bondage, even if between consenting adults who experience no pain, "would be objectively perceived as portraying a sadistic act," noting that the focus should be on what the material portrays rather than whether the minor was actually in pain. *United States v. Corp*, 668 F.3d 379, 390 (6th Cir. 2012). As such, the enhancement under U.S.S.G. § 2G2.1(b)(4)(A) clearly applies in this case.

2

Second, the defendant argues that since the child was three years old, she is not considered a toddler, and the U.S.S.G. §2G2.1(b)(4)(B) enhancement should not apply. It is undisputed that the child victim in this case was three years old, more specifically, she was 45 months to 47 months in age at the time the defendant recorded his sexual abuse of abused her. While Encyclopedia Britannica might define a toddler as a child between 12 and 36 months of age, the Sixth Circuit has used the term "toddler" generally to describe young children that have not yet become school-aged. *See, for example, United States v. Bateman*, No. 18-3977, 2019 WL 7043176, at *4 n.11 (6th Cir. Dec. 23, 2019) (describing a "thread entitled 'A GIRL NAMED ALICIA 3yo or 4yo' as depicting a sexual act involving "a nude, prepubescent, toddler-aged female child."); *Carvajal Vasquez v. Gamba Acevedo*, 931 F.3d 519, 526 (6th Cir. 2019) (describing the ages of a child fourteenth months to four years as "the gray area of a child's toddler years" in relation to a child custody issue). Even if this Court were to find that this three-year-old child was not a "toddler" for purposes the enhancement under U.S.S.G. § 2G2.1(b)(4)(B), the Court should find that the bondage of the child warrants the application of the enhancement under U.S.S.G. § 2G2.1(b)(4)(A).

        Respectfully submitted,

        DONALD Q. COCHRAN
        United States Attorney for the
        Middle District of Tennessee


        s/ S. Carran Daughtrey
        S. Carran Daughtrey
        Assistant United States Attorney
        110 Ninth Avenue South, Suite A-961
        Nashville, Tennessee 37203-3870
        Telephone: (615) 736-5151

CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the above styled pleading with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: David Baker, Assistant Federal Public Defender, 810 Broadway, Suite 200, Nashville, TN 37203, on this, the 15th day of January 2020.

/s/ S. Carran Daughtrey
S. Carran Daughtrey